UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

A D E S O L A   A G O R A   a n d   N A T A L I E
METELLUS,

                            Plaintiffs,

                 -against-

CITY OF NEW YORK; Sergeant GAETJEAN
DOXY, Shield No. 13488; P.O. VINCENT
LINDNER, Shield No. 27944; and JOHN and
JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),

                        Defendants.

-------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

15-CV-4339(RJD)(MDG)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiffs demand a trial by jury in this action.

## PARTIES

6.    Plaintiffs Adesola Agora and Natalie Metellus ("plaintiffs") are residents of Kings County in the City and State of New York.

7.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.    Defendant Sergeant Gaetjean Doxy is a police officer, employee and agents of the NYPD.  Defendant Doxy, is sued in his individual capacity.

9.    Defendant Police Officer Vincent Lindner is a police officer, employee and agents of the NYPD.  Defendant Lindner, is sued in his individual capacity.

10.   At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 4:06 p.m. on March 25, 2014, plaintiffs were in the lobby of 2926 West 25th Street in Brooklyn, NY.

14.     Plaintiffs had been visiting a friend.

15.     Plaintiffs were stopped by the defendant officers, including Doxy and Lindner.

16.     Plaintiffs were placed against a wall and frisked.

17.     Plaintiffs complained that they were being stopped and frisked.

18.     Plaintiffs were then placed in a police vehicle and taken to the precinct.

19.     At the precinct the officers including falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs committing the crime of Criminal Trespass in the Third Degree and other related charges.

20.     At no point did the officers observe plaintiffs commit any crimes or

offenses.

21.    Plaintiffs, after being detained at the precinct, were released with a Desk Appearance Ticket.

22.    Ultimately, plaintiffs received ACDs.

23.    Plaintiffs suffered damage as a result of defendants' actions.    Plaintiffs were deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

24.    Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

25.    Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

26.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

27.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

28.   Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

29.   As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## THIRD CLAIM
### False Arrest

30.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

32.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

33.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

35.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

36.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

37.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38.    The individual defendants created false evidence against Plaintiffs.

39.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40.    In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**41.**    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:      May 16, 2015
            New York, New York

            ___/s/_____
            Robert Marinelli
            305 Broadway, 9th Floor
            New York, New York 10007
            (212) 822-1427
            robmarinelli@gmail.com

            *Attorney for plaintiffs*